IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS  DIVISION

ARBURY C. BOWERMAN                                                    PETITIONER

V.                                        No.  16-6056

WENDY KELLEY, Director,
Arkansas Department of Correction                              RESPONDENT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the court is the Petitioner's Motion to Vacate, Set Aside, or Correct a Sentence

Pursuant to 28 U.S.C. §2254 (Doc. 1) filed June 10, 2016.  The Defendant  filed a Response

(Doc.  13) on December 20, 2016.  The Petitioner filed a Reply (Doc. 14) on January 19, 2017.

The matter was reassigned to the undersigned on June 22, 2017 and the matter is ready for Report

and Recommendation.

### I.  Background:

On October 26, 2012, the petitioner, Arbury Bowerman, was convicted in a Logan

County Circuit Court of aggravated robbery, residential burglary, and third-degree battery and

sentenced to forty-five (45) years in the Arkansas Department of Correction. (Doc. 13-2).  The

Petitioner appealed his convictions to the Arkansas Court of Appeals arguing that the trial court

abused its discretion in admitting lab reports linking his DNA to the crime scene.  The Arkansas

Court of Appeals rejected Bowerman's argument and affirmed his convictions in a written

opinion handed down on April 9, 2014.  *See Bowerman v. State*, 2014 Ark. App. 221, at 4; Also

Doc. 13-7.

On May 12, 2014, Bowerman filed a timely and verified petition under Ark. R. Crim. P.

-1-

37 (2014) for post-conviction relief in Logan County Circuit Court.  (Doc. 13-9).  The Arkansas Circuit Court found that "a hearing on the Rule 37 Petition is unnecessary due to the fact that review of the court dockets, court file and trial transcript conclusively show that the Rule 37 Petition is meritless."  (Doc. 13-10, ¶12) and the court went on to state its grounds for the denial of the Rule 37 Petition. (Id.).  The Petitioner appealed the decision of the Circuit Court and the Arkansas Supreme Court affirmed the Circuit Court on October 1, 2015.  See *Arbury Charles Bowerman v. State of Arkansas,* 215 Ark. 350 (2015);  Doc. 13-14.

The Petitioner filed the instant petition on June 10, 2016 (Doc. 1) contending:  1) that he received ineffective assistance of counsel at trial (Id., p. 3-8);  2) that he received ineffective assistance of counsel on appeal because his lawyer failed or refused to file an appeal (Id., p. 8); 3) Failure of the trial court to appoint counsel in the Rule 37 proceedings. (Id., 9-11).

## II.  Discussion

### A.  Procedural Default

The State first contends that the Petitioner's claims are procedurally defaulted.

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—

(A) the applicant has exhausted the remedies available in the courts of the State; or

(B)      (I) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant. 28 U.S.C. section 2254(b)

Generally, a defendant must exhaust all available state court remedies before seeking habeas relief. *Carney v. Fabian*, 487 F.3d 1094, 1096 (8th Cir.2007). "If a petitioner has not presented his habeas corpus claim to the state court, the claim is generally defaulted." Id.

(quoting *Barrett v. Acevedo*, 169 F.3d 1155, 1161 (8th Cir.1999)).

The State contends the Petitioner's claim is procedurally defaulted because the claims set forth in the petition were not specifically enumerated in his Rule 37 petition in state court. The State contends that in the 2254 petition "Bowerman alleges that his trial counsel refused to defend him from his robbery and theft charges by failing to gather necessary information and evidence that would have shown that this event was a "drug deal gone bad," rather than a "break-in and robbery." DN 1, Pet. at 7. Also, he argues that he received ineffective assistance of counsel because his attorney failed to investigate any facts and failed to properly object when evidence of firearms and jewelry were not introduced into evidence. Id." (Doc. 13, p. 8).

The Petitioner filed his timely Rule 37 petition on May 7, 2014(Doc. 13-9) and requested that the court appoint him an attorney and grant an evidentiary hearing. (Id., p. 2, ¶ 13,14). In the petition he alleges, inter alia, that his trial attorney was ineffective: because he never visited with him personally and only spoke to him on the phone "a couple of times" (Id., p. 3, ¶ a); " by not objecting to the fact that the prosecution had no guns, as evidence, that were allegedly used in the commission of this crime." (Id., p. 3, ¶ c); "by not objecting to the fact that the prosecution had no Jewelry, as evidence, that was allegedly stolen, as the basis for the commission of this alleged crime." (Id., p. 3, ¶ d); "by not outlining an alternative sequence of events that did not involve a break-in, or theft, or robbery. Rather the sequence of events involved a 'drug deal gone bad.'" (Id., p. 3, ¶ e); by "not consulting with me prior to the commencement of a trial to develop facts relating to my defense of these charges." (Id., p. 3, ¶ g)

The court believes that the State's contention that the Petitioner's claims are procedurally defaulted is not supported because the petitioner's claims are basically the same claims that he

had made in his Rule 37 petition.

Even if the petitioner's claims were procedurally defaulted the court is not precluded from review.  A prisoner's inability to present a claim of trial error is of particular concern when the claim is one of ineffective assistance of counsel. The right to the effective assistance of counsel at trial is a bedrock principle in our justice system. It is deemed as an "obvious truth" the idea that "any person haled into court, who is too  poor to hire a lawyer, cannot be assured a fair trial unless counsel is provided for him." *Gideon v. Wainwright*, 372 U.S. 335, 344, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963);  *Martinez v. Ryan*  132 S.Ct. 1309, 1317 (U.S.,2012).  " Martinez 'qualifie[d] *Coleman* by recognizing a narrow exception' to that case's rule," and the Court itself "characterized its decision in *Martinez* as an 'equitable ruling,' and not a 'constitutional' one." Id.; see also *46 *Adams v. Thaler*, 679 F.3d 312, 323 n. 6 (5th Cir.2012) (same). *Pagan-San Miguel v. U.S.* 736 F.3d 44, 45 (C.A.1,2013).  Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a **substantial claim** of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.  *Martinez v. Ryan*, 132 S.Ct. 1309, 1316 (U.S.,2012).

The question then becomes whether the Petitioner's claims are "substantial".

**B.  Ineffective Assistance of  Counsel:**

The Sixth Amendment of the Constitution of the United States affords a criminal defendant with the right to assistance of counsel. *U.S. Const. amend. VI.* The Supreme Court "has recognized that 'the right to counsel is the right to effective assistance of counsel.' " *Strickland v. Washington*, 466 U.S. 668, 698, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (citing

*McMann v. Richardson*, 397 U.S. 759, 771, n. 14, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970)).

A defendant "faces a heavy burden" to establish ineffective assistance of counsel pursuant to § 2255. *DeRoo v. United States*, 223 F.3d 919, 925 (8th Cir. 2000); 2254. *Cox v. Wyrick,* 642 F.2d 222, 226 (C.A.Mo., 1981) To establish a claim of ineffective assistance of counsel, the Defendant must satisfy the two-part test set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

First, under the "deficient performance" component, he must show that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed [him] by the Sixth Amendment." *Strickland*, 466 U.S. at 687. That showing can be made by demonstrating that counsel's performance "fell below an objective standard of reasonableness." *Wiggins v. Smith*, 539 U.S. 510, 522, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003)(internal citations omitted.

Second, under the "prejudice" component, he must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. see also, i.e. *United States v  Ledezma-Rodriguez*, 423 F.3d 830, 836 (8th Cir. 2005)(post-conviction relief will not be granted on a claim of ineffective assistance of trial counsel unless the petitioner can show not only that counsel's performance was deficient but also that such deficient performance prejudiced his defense). To satisfy this "prejudice" prong, Defendant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different . . . a reasonable probability [meaning] a probability sufficient to undermine confidence in the outcome." *U.S. v. Rice*, 449 F.3d 887 at 897 (internal quotations omitted). Thus, it is not sufficient for a defendant to show that the error had some "conceivable effect" on the result of

the proceeding because not every error that influences a proceeding undermines the reliability of the outcome of the proceeding. *Morales v. Ault*, 476 F.3d 545 (8th Cir.2007) (citing *Odem v. Hopkins*, 382 F.3d 846, 851 (8th Cir.2004)). Additionally, actual prejudice does not exist where a petitioner, at best, suffers the mere possibility of prejudice. *See Wainwright v. Torna*, 455 U.S. 586, 587-88 (1982); *Prewitt v. United States*, 83 F.3d 812, 819 (7th Cir.1996) (mere possibility does not equal actual prejudice). Although the two prongs of the "ineffective assistance" analysis are described as sequential, courts "do not . . . need to address the performance prong if petitioner does not affirmatively prove prejudice." *Boysiewick v. Schriro*, 179 F.3d 616, 620 (8th Cir.1999).

### 1. Trial Counsel

The Petitioner contends that his trial attorney provided "ineffective assistance of counsel by not outlining an alternative sequence of events that did not involve a break-in, or theft, or robbery.  Rather the sequence of events involved a 'drug deal gone bad'.  Mr. Brown staged a robbery." (Doc. 1, p. 6).  The Petitioner contends that his attorney would not "investigate" the case and was only interested in "getting me to name two accomplices and to take a plea deal." (Id., p. 7).  The Petitioner contends that his attorney called him on Tuesday, October 23, 2012 and informed him that he could get a plea deal for 19 years to which he agreed. His attorney called him back on October 24, 2012 and informed him that he would be pleading guilty for 19 years.  When he appeared in court on the morning of October 26, 2012, his attorney informed him that the "deal had been changed to 30 years".  (Id., p. 8).  The Petitioner rejected this offer and proceeded to trial.

At the trial Larry Brown, his wife Brandi Brown, his mother, Darlene Odom, and his sister Tisha Pettigrew all testified that in the early morning hours of August 28, 2011 three

masked individuals entered their home demanding money and/or property. The court notes that there were also three 15 year olds in the house playing video games when the house was entered but none of them were called by the prosecution or the defense.

As one of the gunmen held the family at gunpoint, Larry was taken outside by two other gunmen to open his shed. Respondent's Exhibit B, Pages 172, 181-82. In route, Larry was kicked and repeatedly pistol whipped while being threatened with his life. Respondent's Exhibit B, Pages 142-44. When he saw an opportunity, Larry ran from the men; however, they gave chase and caught him. Respondent's Exhibit B, Pages 144-45. A struggle ensued in which Larry bit one of the assailants so hard that he removed a piece of flesh from his hand. Respondent's Exhibit B, Pages 145, 147, 154. At that point, the two gunmen fled followed shortly thereafter by the third gunman, who had remained in the house. (Doc. 13-3, p. 145). Larry estimated the sheriff's deputies arrived within five minutes of the men leaving. (Id., p. 163). Upon their arrival, he had his wife, Brandi, get a plastic baggie out of the kitchen in which he spit the piece of flesh he had bitten from the gunman's hand. (Id., pp. 146-47). Larry explained, that he feared the men were going to kill both him and his family and, that when he bit the gunman's hand, he tucked the flesh in his jaw. (Id., p.146). Larry confirmed that he spit the piece into the baggie in front of the deputies and immediately handed it to either Logan County Sheriff Investigator Ray Gack or one of his deputies. The sample DNA matched the Petitioner.

The Petitioner does not explain how the alternate theory of a "drug deal gone bad" would have been presented to the jury and his argument that the outcome of the trial would have been different is conclusory. No one testified concerning such facts and all four witnesses for the State were consistent in their testimony of three masked men entering their home early in the morning,

armed and demanding property.  The Petitioner's attorney did solicit testimony from  Ms. Brown that the police had been to her home on another occasion to investigate narcotics and that some "roaches" were found but that neither she nor her husband were charged. (Doc. 13-4, pp. 73-74). It cannot be said that the trial decision not to pursue the alternate theory of a "drug deal gone bad" before the jury was not sound strategy.  "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *U.S. v. Rice*, 449 F.3d 887 at 897 (*quoting Strickland*, 466 U.S. at 690, 104 S.Ct. 2052). See also *Francis v. Miller*, 557 F.3d 894 (8th Cir. 2009) (trial strategy decision, if reasonable at the time, cannot support ineffective assistance claim even if, in hindsight, better choices could have been made).

It is unclear how the defense could even have put forth any evidence that it was a "drug deal gone bad" and even if the defense had made such an argument there is no reasonable probability that the outcome of the trial would have been different. Conclusory allegations that are unsupported by the facts do not provide a basis for either an evidentiary hearing or postconviction relief.  *See Hayes v. State*, 280 Ark. 509, 660 S.W.2d 648 (1983); *Greene v. State* 356 Ark. 59, 66-67, 146 S.W.3d 871, 877 (Ark.,2004).

To satisfy this "prejudice" prong, Defendant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different . . . a reasonable probability [meaning] a probability sufficient to undermine confidence in the outcome." *U.S. v. Rice*, 449 F.3d 887 at 897 (internal quotations omitted). The Petitioner has failed to establish that his attorney could have reasonably made the "drug deal gone bad" argument to the jury or that it would had undermined the confidence of the verdict.

-8-

As the Arkansas Supreme Court noted in the review of the trial court's denial of the Petitioner's Rule 37 petition: "Bowerman's conclusory allegation that Brown and the other witnesses were untruthful about the nature of the events provided no cohesive explanation for the physical evidence that supported Brown's account. The court pointed to evidence that Brown had wounds on his body that were consistent with his version of events and that there was testimony from a witness about one of the intruder's voices, in addition to the DNA evidence, that placed Bowerman at the scene. There was no showing that, if counsel had adopted this proposed alternate theory of the case, there was a reasonable probability that the jury's decision would have been different." *Bowerman v. State*, 2015 Ark. 350, 5â€"6, 470 S.W.3d 267, 270â€"71 (2015)

The claim that his trial attorney was ineffective is without merit.

### 2. Failure to File Appeal

The Petitioner contends in his second argument that his sixth amendment right was violated because his trial attorney would not filed an appeal. (Doc. 1, p. 8-9)

The failure of counsel to take the simple steps required to file a notice of appeal when instructed by his client to do so would constitute 'such an extraordinary inattention to a client's interests as to amount to ineffective assistance of counsel cognizable under Section 2255. *Williams v. U.S.* 402 F.2d 548, 552 (C.A.Mo. 1968)

In this case Judgment was entered on October 26, 2012. (Doc. 13-3, pp. 103-106). The Petitioner's attorney filed a Notice to Withdraw (Id., p. 108-109) on November 1, 2012 and stated in his motion that the Defendant intended to appeal. An Amended Judgment was entered on November 2, 2012 (Id., p. 111-114). A Notice of Appeal was filed by the Petitioner's trial counsel on November 21, 2012. (Id., pp. 118-119).

It is clear that the Petitioner's trial counsel did take the necessary steps to file a notice of appeal and the Petitioners case was ultimately appealed to the Arkansas Court of Appeals which rendered its decision on April 9, 2014. *See Bowerman v. State*, 2014 Ark. App. 221 (Doc. 13-7).

The Petitioner's claim that his sixth amendment right to appeal was violated is without merit.

### 3. Failure to Appoint Counsel at Rule 37 Proceedings:

The Petitioner seems to argue that he had a constitutional right to "have an attorney represent me at my first-tier collateral review proceeding concerning my ineffective assistance at trial claims." (Doc. 1, p. 12).

In Arkansas the constitutionality of a sentence is contested by Rule 37 of the Arkansas Rules of Criminal Procedure. The Petitioner filed his timely Rule 37 petition on May 7, 2014 (Doc. 13-9) and requested that the court appoint counsel for a hearing. (Id., p. 2, ¶14).

The Arkansas rules provide that "If the petition and the files and records of the case conclusively show that the petitioner is entitled to no relief, the trial court shall make written findings to that effect, specifying any parts of the files, or records that are relied upon to sustain the court's findings." Ark. R. Crim. P. 37.3(a). The Logan County Circuit Court entered an Order denying the Petition, without a hearing and without appointing counsel, on June 27, 2014. (Doc. 13-10)

Both the United States Supreme Court and this court have held that there is no constitutional right to an attorney in state postconviction proceedings. *Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *Hammon v. State*, 347 Ark. 267, 65 S.W.3d 853 (2002). The Arkansas Supreme Court has held that the right to counsel ends in this

state after the direct appeal of the original judgment of conviction is completed, and the State is not obligated to provide counsel in postconviction proceedings. *Hammon v. State*, 347 Ark. 267, 65 S.W.3d 853 (2002). citing *Fretwell v. State*, 290 Ark. 221, 718 S.W.2d 109 (1986) ( per curiam). *See also Hardin v. State* 350 Ark. 299, 301, 86 S.W.3d 384, 385 (Ark.,2002).

The Petitioner relies on Martinez v. Ryan, however, the Supreme Court in that case held that " To protect prisoners with a potentially legitimate claim of ineffective assistance of trial counsel, it is necessary to modify the unqualified statement in Coleman that an attorney's ignorance or inadvertence in a postconviction proceeding does not qualify as cause to excuse a procedural default. This opinion qualifies Coleman by recognizing a narrow exception: Inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial. *Martinez v. Ryan*, 566 U.S. 1, 9, 132 S. Ct. 1309, 1315, 182 L. Ed. 2d 272 (2012). There is nothing in the Martinez case that requires the state to appoint counsel in the postconviction proceedings.

**C.  Evidentiary Hearing**

No Evidentiary Hearing is Required.  The AEDPA dictates that an evidentiary hearing may only be held in extremely limited circumstances when the factual basis for a claim was not developed in state court. 28 U.S.C. § 2254(e)(2). "There is no requirement of a hearing where the claim [s] [are] based solely on vague, conclusory, or palpably incredible allegations or unsupported generalizations." *Amos v. Minnesota*, 849 F.2d 1070, 1072 (8th Cir.), cert. denied, 488 U.S. 861, 109 S.Ct. 159, 102 L.Ed.2d 130 (1988). *Sidebottom v. Delo* 46 F.3d 744, 751 (C.A.8 (Mo.),1995.  "A federal court may dismiss a claim without an evidentiary hearing where the allegations are frivolous, where the allegations fail to state a constitutional claim, where the

-11-

relevant facts are not in dispute, or where the dispute can be resolved on the basis of the record."

*Urquhart v. Lockhart, 726 F.2d 1316 (8th Cir.1984).*

The Petitioner's allegations are based on conclusory allegations and fail to state a constitutional claim.

### D.  Certificate of Appealability

The factors to consider when determining if a certificate of appealabiltiy should be issued are as follows:  1) if the claim is clearly procedurally defaulted, the certificate should not be issued; 2) even if the procedural default is not clear, if there is no merit to the substantive constitutional claims, the certificate should not be issued; but, 3) if the procedural default is not clear and the substantive constitutional claims are debatable among jurists of reason, the certificate should be granted. See *Khaimov v. Crist*  297 F.3d 783, 786 (C.A.8 (Minn.),2002) citing *Slack*, 529 U.S. at 484–85, 120 S.Ct. 1595.

There is no merit to the substantive claims and, therefore, no certificate of appealability should issue.

### III.  Conclusion

Based on the above, I recommend that the instant petition be dismissed.

**The parties have fourteen days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED  June 30, 2017.

/s/ J. Marschewski
HON. JAMES R. MARSCHEWSKI
U. S. MAGISTRATE JUDGE